UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE ALEXANDER-SCOTT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 08 C 7043 |
| PATRICIA A. FOX, | ) Senior U. S. District Court Judge<br>) George W. Lindberg |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Janice Alexander-Scott and Mary Corner ("plaintiffs") filed this action challenging the decision of the Secretary of the United States Department of Labor, Patricia Fox ("Secretary"), not to set aside the April 25, 2008, mail-ballot election of union officers held by Local 7140 of the American Postal Workers Union ("Local 7140"). Before the court are the parties' cross-motions for summary judgment. For the reasons stated below, the court denies plaintiffs' motion for summary judgment and grants defendants' motion for summary judgment.

On April 25, 2008, Local 7140, of which plaintiffs are members, held a mail-ballot election of officers. Local 7140 conducted the election through an election committee that retained a third-party balloting company, SOCO Corporation, to tabulate the ballots. Plaintiff Corner was a candidate for president in the election. The tabulation of the votes showed Jackie Engelhart received 610 votes, Stanley Slupik received 316 votes, and plaintiff Corner received 272 votes. Following the election, plaintiffs filed complaints with Local 7140's Election Committee and the National Union Appeals Committee.

08 C 7043

On August 26, 2008, plaintiff Scott filed a complaint with the Department of Labor ("DOL") alleging violations of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") occurred in connection with the April 25, 2008, mail-ballot election. On September 2, 2008, plaintiff Corner filed a similar complaint with the DOL. The DOL investigated plaintiffs' allegations and concluded that no violation of LMRDA that may have affected the outcome of the election occurred. On January 15, 2009, the Secretary issued both plaintiffs statements of the reasons for her decision not to initiate suit to set aside the election. Plaintiffs filed this action contending that the Secretary's decision not to set aside the election was arbitrary and capricious and requesting this court to order the Secretary to file suit to set aside the election.

Congress designed Title IV of LMRDA to insure free and democratic elections. *Wirtz v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463, 470-71 (1968). To achieve this end, union elections must comply with certain substantive and procedural rules. *See* 29 U.S.C. § 481. Section 482 of the statute vests exclusive authority in the Secretary to bring suit to set aside union elections that do not comply with LMRDA. 29 U.S.C. § 482. Congress authorized the Secretary to initiate suit when the Secretary determines that a probable violation of LMRDA has occurred and that the violation probably affected the outcome of the election. 29 U.S.C § 482(b); *Dunlop v. Bachowski*, 421 U.S. 560, 570 (1975), *rev'd on other grounds*, *Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers v. Crowley*, 467 U.S. 526 (1984); *Wirtz*, 389 U.S. at 474.

This court's review of the Secretary's decision not to initiate suit to set aside a union election is narrow. Since LMRDA relies upon the Secretary's special knowledge and discretion in determining both the probable violation of LMRDA and the probable effect on the outcome of the election in question, a reviewing court is not authorized to substitute its judgment for the Secretary's decision not to initiate suit. *Dunlop*, 421 U.S. at 571. To enable a district court to adequately review the Secretary's decision, the Secretary must provide the court and the complaining union member with a statement of reasons supporting his or her determination. *Id.* at 571. While detailed findings of fact are not required, the statement of reasons must inform the court and the complaining union member of both the grounds of the Secretary's decision and the essential facts upon which the Secretary's inferences are based. *Id.* at 573-74. Except in rare cases, a reviewing court must confine its review to the statement of reasons and determine "whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." *Id.* at 572-73; *see* 5 U.S.C. § 706(2)(A). If a rational and defensible basis exists in the statement of reasons for the Secretary's decision, the reviewing court's inquiry ends. *Dunlop*, 421 U.S. at 573. A district court's "review may not extend to the cognizance or trial of a complaining member's challenges to the factual bases for the Secretary's conclusion either that no violations occurred or that they did not affect the outcome of the election." *Id.* Both parties in the present action agree the court's review is confined to the statement of reasons.

The Secretary prepared a statement of reasons for each complaining union member, documenting the DOL's investigation and explaining her decision not to initiate suit to set aside

Local 7140's election held on April 25, 2008. Each statement of reasons examined all allegations brought by plaintiffs and stated both the grounds of the Secretary's decision and the essential facts upon which the Secretary's inferences were based. *See Dunlop*, 421 U.S. at 473-474. Thus, the statements of reasons permit meaningful judicial review of the Secretary's challenged decision.

Plaintiffs argue that the Secretary exercised her discretion arbitrarily and capriciously in not filing suit based on violations of Sections 481(e) and 481(c) of LMRDA. Section 481(e) of LMRDA provides that "election officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election." 29 U.S.C. § 481(e). Plaintiffs allege that Local 7140 failed to maintain secret ballot envelopes. The DOL's investigation revealed that Local 7140 destroyed secret ballot envelopes, which violated Section 481(e) of LMRDA. However, the DOL's investigation revealed that the union maintained *all* the voted ballots, return ballot envelopes, challenged ballots, election totals reports, and membership lists. The investigation further revealed no evidence that ballot secrecy was not maintained or that ballot fraud or tampering occurred. The Secretary concluded in the statement of reasons that, while the destruction of secret ballot envelopes was a technical violation of Section 481(e), the violation did not affect the outcome of the election.

Section 481(c) of LMRDA gives candidates the right, upon request, to have an observer present at every phase of the balloting process, including the counting and tallying of the ballots and the totaling, recording, and reporting of tally sheets. 29 U.S.C. § 481(c); 29 C.F.R. §

452.107. Plaintiffs complained that Local 7140 placed improper restrictions upon observers during the April 25, 2008, ballot tally. The DOL's investigation revealed that Local 7140 violated observer rights provided for by LMRDA. Specifically, the DOL concluded that observers were unable to observe the computer screen which electronically counted the ballots. Nevertheless, the Secretary determined that the violation did not affect the outcome of the election.

In reaching this conclusion, the DOL manually recounted the ballots for president, since plaintiff Corner was a candidate for that office, and for maintenance craft director, since that race had the closest margin of victory. The results of Local 7140's count for president were as follows: Jackie Engelhart received 610 votes, Stanley Slupik received 316 votes, and plaintiff Corner received 272 votes. The results of the DOL's manual recount in the presidential race were as follows: Jackie Engelhart received 613 votes, Stanley Slupik received 316 votes, and plaintiff Corner received 271 votes. Thus, the DOL's recount of the votes for president differed little from Local 7140's count and confirmed that race's results. With respect to the maintenance craft director race, the DOL's manual recount matched Local 7140's count. The Secretary concluded that the manual recount of the races confirmed that the improper restrictions placed on observers did not affect the outcome of the election.

Plaintiffs argue that violations of LMRDA presumptively require the Secretary to initiate suit. Plaintiffs misconstrue the Secretary's role. Section 482(b) of LMRDA authorizes the Secretary, upon complaint by a union member who has exhausted his or her internal union remedies, to file suit when an investigation of the complaint gives the Secretary probable cause to

believe that the union election was not conducted in compliance with the standards prescribed in Section 481 of LMRDA. 29 U.S.C. § 482(b). However, violations of provisions of LMRDA occurring in the conduct of elections are not grounds for setting aside an election unless the violations may have affected the outcome. *Ellis v. Chao*, 336 F.3d 114, 120 (2d Cir. 2003); *accord Howard v. Hodgson*, 490 F.2d 1194, 1196 (8th Cir. 1974). The Secretary's factual findings provide a rational and defensible basis upon which to conclude that Local 7140's election was unaffected by violations of Sections 481(c) and 481(e) of LMRDA.

Plaintiffs challenge the ballots used in the union election and claim that the ballots did not include the names of the candidates. Plaintiffs further assert that the DOL's manual recount was insufficient as a result of these allegedly defective ballots. The Secretary noted in her statement of reasons to both plaintiffs that the APWU National Constitution and the Northwest Illinois Area Local Constitution required complaining union members to file election grievances with the Local Election Committee within 72 hours after the grievance arose. The DOL's investigation revealed that plaintiffs never filed grievances complaining that names of the candidates were not on the ballots. As a result, the Secretary concluded that the union constitution and bylaws precluded her from bringing an enforcement action against the union based on these allegations. Plaintiffs' failure to pursue their internal union remedies constitutes a rational and defensible basis for the Secretary's decision not to initiate suit to set aside the election. *See* 29 U.S.C. § 482(a); *see also Balanoff v. Donovan*, 569 F. Supp. 966, 971 (N.D. Ill. 1983) (applying the deferential arbitrary and capricious standard when reviewing a finding by the Secretary that a complaining union member failed to properly exhaust internal remedies).

Plaintiffs claim this issue was preserved when plaintiff Scott complained to Local 7140 that the Election Committee failed to safeguard the election as required by the union constitution. However, such general and imprecise language was not sufficiently specific to alert the union to plaintiffs' claim that the election was tainted by the failure to have the names of the candidates on the ballots. Local 7140 therefore was not given a fair opportunity to consider and redress this asserted violation.

Plaintiffs dispute the Secretary's finding that no violation occurred in Local 7140's procedure to retrieve ballots from the Postal Service. Plaintiffs further contend that plaintiff Scott, as a union member not running for office, was not properly informed of the procedures applicable to duplicate ballots. According to the NWIAL Constitution, the election committee must follow guidelines set forth in the Election Committee Rules and Procedures guide. The DOL's investigation revealed that, during the March 9, 2008, nominations meeting, the Election Committee Chairperson passed out a letter to the candidates stating the election rules and the times when duplicate ballot requests would be picked up at the post office. The Election Committee obtained two post office boxes: one was for voted ballots, which was not accessed until ballot pickup at noon on April 25, 2008; the other box was for duplicate ballot requests, which was accessed on March 31 and April 9, 2008.

The Secretary determined that the actions taken by the Election Committee complied with the Election Committee Rules and Procedures guide. The DOL's investigation revealed that no one showed up to observe the pickup of the duplicate ballot requests and only a few observers were in attendance for the pickup of voted ballots. The DOL's investigation further revealed that

the election committee took several measures to ensure the post office boxes were not accessed at any other times or by an unauthorized person. Based on the investigation, the Secretary determined that no violations of LMRDA occurred in connection with Local 7140's retrieval procedure. The Court finds the Secretary had a rational and defensible basis for determining no violation of LMRDA occurred in connection with Local 7140's method to retrieve duplicate ballots. *See Dunlop*, 421 U.S. at 573. Even if LMRDA required Local 7140 to "filter down" election rules and procedures to non-candidate members as contended, plaintiffs have not demonstrated how this alleged violation may have affected the outcome of the election. *Dunlop* forbids the court from substituting its judgment for the decision of the Secretary not to initiate suit. *See id.* at 571.

Plaintiffs dispute the Secretary's determination that the percentage of ballots returned in the April 25, 2008, mail-ballot election was similar to the percentage in past elections. Plaintiffs initially complained to the Secretary that the 990 ballots that were not returned in Local 7140's mail-ballot election should be available for inspection. In her statements of reasons, the Secretary informed plaintiffs that LMRDA does not require this. The Secretary further noted that plaintiffs could not cite any union member who did not receive a ballot or who returned a ballot that was not counted. The Secretary concluded that the percentage of ballots returned in the April 25, 2008, election was similar to the percentage in past elections, and that the investigation did not show that any ballots were improperly intercepted or tampered with in any way. It is unclear whether plaintiffs now allege a violation of LMRDA in connection with the election or simply voice displeasure over the number of incumbents retaining union office. In either event,

plaintiffs' challenge is improper. *See Dunlop*, 421 U.S. at 573 (holding that "review may not extend to cognizance or trial of a complaining member's challenges to the factual bases for the Secretary's conclusion either that no violations occurred or that they did not affect the outcome of the election"). The court also rejects plaintiffs' unsupported allegation that the DOL allied with union incumbents as no evidence in the statement of reasons supports this claim.

Plaintiffs allege that no test count was conducted to verify that the candidate names and vote totals on the computer matched the votes by candidate number on the paper ballot cards. In investigating plaintiffs' allegation, the DOL interviewed SOCO Corporation Representative Slaugh, who stated that before tallying the votes, he ran a test count. Slaugh marked ten ballot cards and ran them through the card reader. Thereafter, SOCO ran a report of the tally results for those cards and permitted the observers to compare the marks on the ballot cards with the computerized results to verify that they matched. SOCO returned the counting software to zero and printed a report showing that all candidates were starting with a zero count. The DOL examined all the ballot cards and did not detect any possible signs of fraud. Moreover, the DOL's manual recount confirmed the winners of the races for president and maintenance craft director. The Secretary concluded that there was no violation of LMRDA.

Plaintiffs now dispute Slaugh's test count. However, plaintiffs may not attack the factual findings made by the Secretary to justify her conclusion that no violation occurred or that the violation did not affect the outcome of the proceeding. *Id.* The statement of reasons provides a rational and defensible basis for the Secretary's determination that no irregularities occurred

08 C 7043

during Local 7140's count of the ballots and the court will not substitute its judgment for the decision of the Secretary.

Plaintiffs finally argue that the investigator for the DOL was biased against plaintiff Corner because the investigator informed plaintiff Corner that she filed a complaint with the DOL in 2005, and because both plaintiffs allegedly informed the investigator that she lacked an open mind. Plaintiffs assert that the Secretary's decision not to challenge the election was made in a discriminatory manner. The court finds this claim to be procedurally barred.

Before seeking relief in district court, plaintiffs must first have exhausted all internal union remedies, and then must also have exhausted all available administrative remedies with the DOL. *See* 29 U.S.C. § 482(a); *Woodford v. Ngo*, 548 U.S. 81, 88-89. Despite informing the investigator that she lacked an open mind, plaintiffs failed to file a formal complaint with the DOL. A formal complaint would not only have alerted the DOL to the possibility of prejudice but would also have allowed the Secretary to utilize her "special knowledge and discretion" to adequately respond to plaintiffs' allegation. *See Dunlop*, 421 U.S. at 568. Plaintiffs failed to exhaust all administrative remedies regarding their claim of prejudice and therefore this claim is barred.

ORDERED: Plaintiffs Janice Alexander-Scott and Mary Corner's motion for summary judgment [24] is denied. Plaintiffs' motion to deny defendants' motion for summary judgment [36] is denied. Defendants Patricia A. Fox and United States Department of Labor's motion for

08 C 7043

summary judgment [31] is granted. Judgment affirming the decision of the Secretary will be set forth on a separate document and entered in the civil docket. *See* Fed. R. Civ. P. 58(a), 79(a).

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 20, 2009